HUGH HAMILTON v. JAMES A. CUSHMAN MANUFACTURING CO.

Delivered February 4, 1897.

**1.  Corporations—Existence—Issuance of Stock Not Necessary.**
Where the charter of a proposed corporation has been regularly filed with the Secretary of State, and it was understood that the stock was to belong in agreed amounts to the owners of the property turned over to the corporation and to one other person, the issuance of the stock was not essential to the existence of the corporation.

**2.  Pleading—In Abatement or In Bar.**
Where plaintiffs sued as partners, when in fact they constituted a corporation, a defense framed as a plea in abatement goes to the merits, and will be treated as a plea in bar, in the absence of exception.

**3.  Statute of Frauds—Default of Another—Original Undertaking.**
Where it appears that goods were sold to one person at the request and upon the credit of another, the contract of the latter is an original undertaking, and not a promise to answer for the default of another, within the statute of frauds.

**4.  Pleading—Sale and Delivery—Manufactured Articles Unfinished.**
On a petition alleging the sale and delivery of articles, recovery cannot be had for labor and material employed on those the manufacture of which was stopped by defendant before completion.

APPEAL from Harris.   Tried below before Hon. S. H. BRASHEAR.

*Perryman & Bullitt*, for appellant.

*James R. Masterson* and *W. C. Oliver*, for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—James A. Cushman, Sr., and James A. Cushman, Jr., alleging themselves to be partners doing business under the firm name of James A. Cushman Manufacturing Company, brought this suit against appellant, Hugh Hamilton, and a corporation named the Miller Quicksilver Gas Governor Company, upon an account for certain articles alleged to have been manufactured for and sold and delivered to defendants by plaintiffs.   Judgment was rendered for plaintiffs against the defendant corporation for $587, and against Hamilton for balance of account, and he alone appeals.

Defendants filed separate answers, setting up various matters, among which was not included that mentioned below.   They subsequently filed amended answers, in which, for the first time, they pleaded under oath that plaintiff, before and at the time of the commencement of this suit, and at the time the work and labor was performed, as alleged as its cause of action, and at the time of entering into the contract, as alleged in the petition, was a private corporation, and not a partnership, as therein alleged, and asked that the suit be abated.   Exception was taken to this plea, on the ground that it was a plea in abatement, and was not filed in due order.   The court overruled the exceptions, holding that the plea was good, and admitted evidence under it, tending to prove that there was a corporation named the James A. Cushman Manufacturing Company, with which the contract sued on was made by defendants, by

which the goods had been manufactured and delivered, and to which, consequently, the cause of action set up by plaintiffs accrued.

Plaintiffs endeavored to show that, while there was a charter obtained for such a corporation, none had been organized or come into existence, and that they were operating as partners, and that, as such, the cause of action accrued to them. After carefully considering this evidence, we are very clearly of the opinion that, under our statute and the decision in the case of Jefferson National Bank v. Texas Investment Co., 74 Texas, 421, there was not only such a corporation legally existing, but that the contract was made with and the goods were furnished by it. The evidence showed that the charter, in accordance with law, was regularly filed with the Secretary of State, and that thereafter bonds were issued and mortgages and deeds of trust were executed by the corporation and suits brought and judgments rendered against it as such. Before it was chartered, an establishment had existed, which the witnesses say was a partnership, composed of James A. Cushman, Sr., his wife and children, called the Cushman Machine Works. The land on which it was situated, as well as the plant, belonged to Cushman, Sr. There is some evidence that James A. Cushman, Jr., owned some of the stock of material on hand. After the charter was issued, Cushman, Sr., conveyed to the corporation the land, plant, machinery, and material of every kind belonging to the business, the understanding being that stock of the corporation was to issue to those interested in the property, commensurate with their interests, and the business was thereafter carried on in the name adopted by the corporation. There is no pretense that thereafter a partnership was formed, or that there was any transaction by which the status was changed. The plaintiffs, it is true, state that the business was conducted by a partnership, composed of themselves, but it is made very evident that this is only their opinion, resulting from their belief that no corporation had come into existence. Their testimony shows that they contend merely that there was a partnership because there was no corporation. They claim that the corporation never existed because no stock was issued. But the proof showed that the stock was to belong to the owners of the property turned over to the corporation, in agreed amounts, and that enough was to be given to a third party to qualify him to be a director. Under the law in this State, the issuance of stock was not essential to the existence of a corporation. With this concern defendants, contracted, and to it the cause of action against them accrued, if it accrued at all.

It is necessary, therefore, to determine whether or not, under the pleadings and the facts thus found, the plaintiffs could recover. A plea which denies the plaintiffs' capacity to sue is a plea in abatement, and must be filed in due order. There can be no question here of the capacity of the plaintiffs, as individuals, to sue, if they have a cause of action. the denial of an alleged partnership is likewise a plea in abatement, and must be filed in due order. It must therefore be taken as conceded for the purposes of the case that plaintiffs are partners. A plea "that plain-

tiff is not entitled to recover in the capacity in which he sues" belongs. to the same class, and must be pleaded in due order. Sayles' Civil Statutes, art. 1265; Coles v. Perry, 7 Texas, 141, 171.

If a plea in abatement was necessary to raise the objection urged to plaintiff's right to recover, that in question came too late after answer to the merits. If the issue sought to be presented raised only a question of plaintiff's capacity to sue, or their right to recover in the capacity in which they sued, then it could only be presented by plea in abatement. But if the facts alleged had the effect to show that plaintiffs had no cause of action, and, hence no right to recover in any capacity, they could be presented by plea in bar, which could be filed, by amendment, along with other defenses of that class. Holliman v. Rogers, 6 Texas, 97, 98; 1 Chitty on Pleadings, 462, 486.

And it seems to us that the defense was of the latter character. The corporation was a distinct person from the individuals suing. Upon a cause of action accruing to the corporation, those individuals, either solely or as partners, could not maintain an action at all, unless they had acquired the claim from the corporation, which is not pretended here. If A. sues B., alleging a contract between themselves for the sale and delivery of goods and its performance by A., and B. answers that the contract was not with A., but with C., who had performed it, and alone had right of action on it; can it be said that this would be a dilatory plea, setting up either a want of A.'s capacity to sue or of his right to recover in the capacity in which he sued. We think not. The defense urged would be plainly a denial that A. has any cause of action at all. A plaintiff setting up a particular cause of action may have the right to recover upon it in some capacity, but not in that in which he sues; and it is to such cases the statute has reference. To hold otherwise would give to it the effect of abolishing almost all distinction between dilatory pleas to which it relates, and pleas to the merits. The cases to which it relates are illustrated by the decisions in the following cases: Cheatham v. Riddle, 12 Texas, 112; Clifton v. Lilley, Id., 130; Trammell v. Swan, 25 Texas, 473; Aulanier v. The Governor, 1 Texas, 666; and many others in the reports of the same class.

A plea in abatement must give the plaintiff a better suit, which illustrates that this is not such a plea. No facts which defendants could have alleged would have enabled plaintiffs to maintain the suit, had they been urged sooner. They would have only shown then, as they show now, that plaintiffs have no cause of action. While the plea in this case is framed as a plea in abatement, and was too late for that kind of a plea, it presented also facts which, in our opinion, were good in bar of the action, and the court below so treated it. If exceptions had been sustained to it as a plea in abatement, the defendants could have amended and urged it in different form. But having allowed it to stand and admitted evidence in support of it, the court should have granted a new trial, because the facts alleged in it were shown by practically uncontradicted evidence.

It is urged that it is no concern of defendants that the suit is prosecuted by plaintiffs, instead of the corporation; but this is not correct. If defendants permitted a recovery by a person to whom the cause of action does not belong, they would be liable to suit by the true owner, and a judgment in this case would not estop such owner. The fact that plaintiffs are the owners of all, or nearly all, of the stock, does not alter the case. The cause of action here is assets of the corporation, in which others may be interested, besides the plaintiffs for whom the corporation would hold it in trust. Stockholders cannot, ordinarily, maintain a suit in behalf of the corporation, and, in those cases where they are permitted to do so, they must proceed in their capacity as stockholders and in behalf of the corporation. The cause of action must be asserted as that of the corporation, and must belong to a class that stockholders are sometimes allowed to assert; and the reason for their suing, instead of the corporation, must be shown. Nothing of the sort is done here, but plaintiffs sue as individuals alleging the accrual of the cause of action to them, when such is not the fact.

Another defense urged by the appellant, Hamilton, is that, if he ever undertook to pay for the goods, his promise was to answer for the debt, default or miscarriage of the defendant corporation, and was not in writing. The petition alleged that plaintiffs refused to credit the other defendant, and that Hamilton requested them to furnish the articles, which was done, upon his credit. This showed an original undertaking, on his part, which was not within the statute of frauds. There was a conflict of evidence as to this agreement, plaintiffs testifying that, after they had delivered some of the articles, they stopped and refused credit to the defendant corporation, and that Hamilton then requested them to furnish others on his responsibility which they did. The charge of the court allowed recovery against Hamilton for only such as were furnished at his instance and on his credit. There was no evidence tending to show a collateral undertaking within the statute of frauds. Plaintiff testified to that alleged, and Hamilton denied it. The charges were sufficiently full and accurate upon this point, in this state of the evidence, though a special instruction given by the court, in answer to an inquiry by the jury, might be misleading if there were evidence tending to show a collateral undertaking of Hamilton to answer for the debt of the company.

It is further claimed that the verdict is not supported by the pleadings, in that it finds several amounts against the defendants, when a joint purchase by both was alleged. The petition and supplemental petition, on which the case was tried, without objection, alleged the transaction in both forms, as a joint purchase by the two, and as the contract of Hamilton alone. The allegations were somewhat confused and uncertain on this point, but the defects were of such a kind as could only be reached by exception. A several liability on appellant's part was sufficiently stated, and it is immaterial whether the pleading warranted a judgment against the other defendant or not, as it has not appealed.

The evidence to prove the several liability of appellant was admissible. The petition alleged the sale and delivery of the articles. The proof showed that a large portion of them were never completed and never delivered. Plaintiffs, by the evidence sought to hold defendant liable for the value of the labor and material employed in the unfinished ones, before their further manufacture was stopped, as they claimed, by Hamilton. They might be entitled to so recover, on proper allegations of these facts, but this proof does not sustain the allegation of a sale and delivery. The action would be of a different nature from that alleged, and would require the allegation of other facts. Proof of these facts was objected to, and the objection overruled. We think this was error. Gammage v. Alexander, 14 Texas, 413.

*Reversed and remanded.*