## BROWN v. BROWN.

(Court of Civil Appeals of Texas. San Antonio. March 26, 1913.)

1. FRAUDS, STATUTE OF (§ 23*)—DEBT OF ANOTHER—"ORIGINAL PROMISE."

An oral promise by a partner made during the course of a settlement to pay a firm debt was an original undertaking not within the statute of frauds as a promise to pay a debt of another.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 18, 19; Dec. Dig. § 23.*

For other definitions, see Words and Phrases, vol. 6, pp. 5063, 5064.]

2. PARTNERSHIP (§ 135*)—FIRM DEBT—DEBT OF PARTNER.

Where a partner contracted for the purchase of goods which were sold to him on his own credit, he was an original promisor and liable therefor without reference to his connection with the firm.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 201, 202; Dec. Dig. § 135.*]

3. PARTNERSHIP (§ 217*)—LIABILITY OF PARTNER—EVIDENCE.

In an action against a partner for goods sold to the firm, evidence that defendant told plaintiff he was connected with the firm as a partner and obtained credit for the firm was admissible.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 419–425; Dec. Dig. § 217.*]

Appeal from Medina County Court; H. E. Haass, Judge.

Action by R. L. Brown against W. L. Brown. Judgment for plaintiff, and defendant appeals. Affirmed.

De Montel & Fly, of Hondo, for appellant. Geo. Powell, of San Antonio, for appellee.

FLY, C. J. This is a suit by appellee on three open accounts, one for $146.38 against appellant, another for $68.56 against Brown & McWhorter, and the third for $258.64 against W. L. Brown & Co. It was alleged that appellant had assumed payment of the accounts against Brown & McWhorter and W. L. Brown & Co. The cause was tried by jury, and resulted in a verdict and judgment for appellee in the sum of $323.62.

[1] Appellant objected to evidence of a verbal agreement to pay the debts of the two firms, on the ground that the oral agreement to pay the debts of another was contrary to the statute of frauds, and he also objected to the Brown & McWhorter account because he had never been a member of that firm. There was testimony in the case that showed that appellant was a partner in the firm of W. L. Brown & Co. with appellee, and that in the settlement between him and appellee of their partnership matters appellant agreed to pay the debt of the partnership to appellee. · It was his debt as well as that of his partner, and he was liable for it as a partner. It was a promise to pay his own debt and that of another. The promise was made on a settlement and was an original under-

taking to subserve the purpose of appellant. Lemmon v. Box, 20 Tex. 329; Wallace v. Freeman, 25 Tex. Supp. 91; Muller v. Riviere, 59 Tex. 640, 46 Am. Rep. 291; Spann v. Cochran, 63 Tex. 240; Morris v. Gaines, 82 Tex. 255, 17 S. W. 538.

[2] As to the account of Brown & McWhorter, it was in evidence that appellant contracted for the goods, and they were sold to him on his credit. He was the original and only one who promised to pay the debt. Hamilton v. Mfg. Co., 15 Tex. Civ. App. 338, 39 S. W. 641.

[3] Appellee testified that appellant told him he was connected with McWhorter as a partner, and obtained credit for the firm. That evidence was admissible. Appellee testified to a final settlement with appellant, wherein the latter agreed to pay the full amount of the three accounts, less a credit of $150 for his services, and the court did not err in submitting that final agreement to the jury.

The court did not err in refusing the special charges asked by appellant. As before stated, the agreement to pay the debt of Brown & McWhorter was not within the statute of frauds, and was not required to be in writing. It was not necessary, under the evidence, to submit the issue as to appellant and McWhorter being partners as the account with that firm was made on the representation of appellant that they were partners, and appellant having contracted the debt he was liable whether he was a partner of McWhorter or not. Afterwards, on a general settlement between him and appellee, he agreed to pay the debt.

The judgment is affirmed.