BEJIL v. BLUMBERG. (No. 6259.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 29, 1919.)

1. FRAUDS, STATUTE OF ☞26(1) — AGREEMENT TO PAY FOR SUPPLIES FURNISHED ANOTHER.

Where goods are furnished to one person for the credit and request of another, it is an original undertaking on the part of the person making the request, not within the scope of the statute of frauds.

2. EVIDENCE ☞395(2) — TO VARY WRITTEN CONTRACT.

There was no error in refusing to allow defendant to testify that he owed plaintiff less than admitted in writing; no fraud or mistake being shown in procuring defendant's admission of indebtedness and execution of mortgage as security.

3. CHATTEL MORTGAGES ☞277—DURESS NOT PLEADED CANNOT BE PROVEN.

In action to foreclose chattel mortgage, defendant having admitted indebtedness in writing and execution of mortgage, the court could have properly excluded evidence tending to show that defendant was in jail when he executed the mortgage; there being no allegation of duress.

Appeal from Guadalupe County Court; J. B. Williams, Judge.

Suit by August Blumberg against Peter Bejil and others. Judgment for plaintiff, and defendant named appeals. Affirmed.

P. E. Campbell, of Seguin, for appellant. Wurzbach & Wirtz, of Seguin, for appellee.

FLY, C. J. This is a suit for $300, for advancements made by appellee, as landlord, to his tenant, appellant, and to foreclose a chattel mortgage executed by appellant on certain personal property. The cause was tried by the court without a jury, and judgment rendered against Peter Bejil in favor of appellee in the sum of $301.50, and the mortgage foreclosed against the personal property. Mrs. Peter Bejil and Antonio Bejil were made parties, but were dismissed from the suit.

The evidence showed that the debt sued on was on account of provisions and supplies furnished by appellee to appellant and his son, Fabian, to make a crop; that the credit was extended to appellant for himself and his son, and the debt was that of appellant.

[1] The first assignment of error is overruled. Appellee agreed with appellant to furnish him and his son, Fabian, certain supplies, and it was not error to permit appellee to testify that appellant agreed to pay, not only for the supplies furnished him, but also for those of his son. The whole debt was that of appellee, and the statute of frauds has no applicability to it. He agreed to pay his own debt, and not that of another. Where goods are furnished to one person upon the credit and request of another, it is an original undertaking upon the part of the person making the request, and is not within the scope of the statute of frauds. Hamilton v. Cushman, 15 Tex. Civ. App. 338, 39 S. W. 641; Bank v. Cotton Co., 24 Tex. Civ. App. 645, 60 S. W. 828; Uvalde Bank v. Brooks, 162 S. W. 957, and authorities cited therein. Another very cogent reason why the statute of frauds does not apply is that appellant agreed in writing that he owed the debt and gave a chattel mortgage to secure it.

[2] The second and third assignments of error are overruled. The court did not err in refusing to allow appellant to testify that he owed appellee less than he admitted in writing that he owed appellee. No fraud or mistake was shown, or attempted to be shown, in procuring the admission of appellant and the execution of the mortgage.

[3] There was no sufficient allegation of duress by appellant, and the court could have properly excluded evidence tending to show that appellant was in jail when he executed the mortgage. If there had been full allegations of fraud and duress, appellant was permitted to prove every fact that he desired to show as to duress and fraud, and there is no merit in the fourth and fifth assignments of error. The testimony fully sustained the finding by the court that there was no fraud or duress shown by the testimony, and appellant does not object to the finding.

The seventh assignment of error is without merit, and it, as well as the other assignments of error, might have been disregarded, because not prepared as required by the rules.

The judgment is affirmed.