**PAYNE v. BRACKEN et al.**

No. 11861.

Court of Civil Appeals of Texas. Dallas.
Jan. 4, 1936.

Rehearing Denied Feb. 1, 1936.

608

Jno. S. Morris, of Ft. Worth, for appellant.

Lasseter, Simpson & Spruiell, of Tyler, for appellees.

LOONEY, Justice.

Appellant, Bryan W. Payne, brought this suit against appellees to foreclose the lien of a judgment obtained in a district court of Dallas county against J. S. Kimbrough and J. T. Miller; the contention of appellant being that, at the time the judgment was abstracted in the office of the county clerk of Van Zandt county, Kimbrough owned the real estate upon which foreclosure is sought. Appellees answered by general denial and specially pleaded that, prior to the abstracting of the judgment, Kimbrough had parted with all his interests in the real estate. On trial without a jury, judgment was rendered that appellant take nothing, from which he appealed.

The material facts, as found by the court, are these: On and prior to October 22, 1929, J. S. Kimbrough owned an undivided $9/32$ interest in and to all oil, gas, and other minerals on and under the surface of the 40 acres of land involved, and on said date he, Van McPhail, and J. D. Wiley associated themselves to charter a private corporation for a legally authorized purpose to be known as the "East Texas Oil Corporation." A charter in due form was prepared, executed, and immediately forwarded to the secretary of state for filing, and, as found by the court, the incorporators, believing the charter had been filed, and acting in good faith, transacted business as a corporation. On the next day (October 23, 1929), but prior to the filing of the charter by the secretary of state, J. S. Kimbrough conveyed the real estate involved to the said East Texas Oil Corporation; the conveyance was duly recorded October 30, 1929, the consideration for same being the issuance by the inchoate corporation to Kimbrough of shares of its stock. The charter was not actually filed by the secretary of state until November 6, 1929, but on the preceding day appellant's judgment was abstracted in the records of Van Zandt county. On October 29, 1930, the corporation, acting under its name as amended, that is, the "East Texas Petroleum Company," conveyed the land in question to appellee J. A. Bracken, who subsequently conveyed interests therein to the other appellees.

The trial court held that, although appellant's judgment as abstracted was sufficient

in law to have fixed a lien on lands in Van Zandt county owned by Kimbrough, but that his prior deed to the East Texas Oil Corporation divested him of all interest in the land in controversy, hence denied foreclosure.

The contention of appellant is that the conveyance of the mineral lease by Kimbrough to the East Texas Oil Corporation, having been executed before the corporation came into existence, that is, before its charter was filed, no title passed thereby; but even if title did pass, that the same vested in the individuals proposing the charter of the corporation, therefore the judgment lien attached to Kimbrough's undivided interest, and for that reason the court erred in adjudging that appellant take nothing. On the other hand, appellees contend that, the facts found by the court show the East Texas Oil Corporation to have been a de facto corporation at the time of the transaction involved, and a legal entity in the sense that it could contract, purchase, own, sell, convey, incur liabilities, ex contractu and ex delicto, and sue and be sued to the extent and in the same manner as a de jure corporation, therefore the conveyance, by Kimbrough to the said de facto corporation, passed title to the land; and, furthermore, that the legality, whether or not, of its status as a corporation de facto, and of its right to act in respect to the matter involved, could not be called in question otherwise than in a direct proceeding by the state, or under its authority.

■ We agree to the soundness of the propositon urged by appellant, that a conveyance to be effective must be to a grantee then in existence and capable in law of receiving the conveyance and holding the property conveyed. That doctrine, however, does not answer the question under consideration, which is this: Was the East Texas Oil Corporation a de facto corporation at the time Kimbrough conveyed the mineral lease? if so, title passed as effectually as if its status had been de jure. This generally recognized doctrine is stated in 7 R.C.L. page 67, § 48, as follows: "A corporation de facto may legally do and perform every act and thing which the same entity could do or perform were it a de jure corporation. As to all the world except the paramount authority under which it acts, and from which it receives its charter, it occupies the same position as though in all respects valid;

and even as against the state, except in direct proceedings to arrest its usurpation of power, its acts are to be treated as efficacious. It is under the protection of the same law, and governed by the same legal principles, as a corporation de jure, so long as the state acquiesces in its existence and exercise of corporate functions. Thus a transfer of property to or by a corporation de facto will be held valid and binding against all persons except the state. * * *"

■ The trial court found that, after executing the charter, the incorporators "immediately" forwarded same to the secretary of state to be filed, and that "the incorporators believing the charter had been filed by the Secretary of State, and acting in good faith, transacted business as a corporation." As defined in Rawle's 3d Rev.of Bouv.Law Dict., vol. 1, page 763, a de facto corporation is an organization of persons intending in good faith to form a corporation under a permissive statute, but failing to comply with one or more of its provisions, nevertheless exercised some of the powers of a de jure corporation. The tests as to the existence, whether or not, of a de facto corporation, are stated by the same authority as follows: (1) A colorable corporate organization (as in the instant case), (2) a statute authorizing the proposed corporation (as in the instant case), (3) a user of corporate powers (as in the instant case), and (4) good faith in the transactions (as found by the court in the instant case). To the same effect see Wilson et al. v. Reed et al. (Tex.Civ.App.) 74 S.W.(2d) 415, and authorities cited.

The facts, in our opinion, fully satisfy these tests. However, on the authority of Bank of De Soto v. Reed, 50 Tex.Civ. App. 102, 109 S.W. 256, 259, appellant contends that, nothing short of the filing of the charter by the secretary of state could bring a corporation into existence, either de facto or de jure, and that, as the charter under consideration was not filed until after the mineral deed was executed by Kimbrough, the corporation had no legal existence, either de facto or de jure at the time of the conveyance The case cited by appellant sustains his contention, as the court said: "Whether after such filing [charter] the corporation is one de facto or de jure depends upon the compliance or not by the incorporators of all the conditions prescribed by law essential to give

life and vitality to the association as a corporation. If all the prerequisites have been complied with, and the purposes and objects are those for which the corporation may be formed, then it becomes a corporation de jure; and, while the filing of the charter makes it a corporation, the failure to comply with some one or more of the prerequisites makes it a corporation de facto, but the filing of the charter is essential to the creation of the corporation as either the one or the other," citing 10 Cyc. 658; Bergeron v. Hobbs, 96 Wis. 641, 71 N.W. 1056, 65 Am.St.Rep. 85.

■ We respectfully dissent from this view: The doctrine announced, in our opinion, is, in the face of controlling statutes, as construed by the Supreme Court and Courts of Civil Appeals, and against the great weight of authority. The statute (article 1313, R.S., as amended by Acts 1929, c. 255, § 1 [Vernon's Ann.Civ.St. art. 1313]), provides, among other things, that: "A copy of the charter, certified under the great seal of the State, shall be evidence of the creation of the corporation. The existence of the corporation shall date from the filing of the charter in the office of the Secretary of State." The filing of the charter by the secretary of state is the indispensable prerequisite to the creation of a de jure corporation, although dependent upon the facts, it may have had a prior de facto status. A similar question was before the Supreme Court in National Bank v. Texas Investment Co., 74 Tex. 421, 435, 12 S.W. 101, 104, speaking for the court, Judge Gaines said: "But we find no provision in the law making the existence of the corporation dependent upon the subscription to its stock or the payments therefor. On the contrary, it is expressly provided that 'the existence of the corporation shall date from the filing of the charter in the office of the secretary of state.'" To the same effect see: Hamilton v. James A. Cushman Mfg. Co., 15 Tex.Civ.App. 338, 39 S.W. 641; Home Investment Co. v. Fidelity, etc., Co. (Tex. Civ.App.) 249 S.W. 1109; 10 Tex.Jur. § 40, page 632. So, in view of the plain provision of the controlling statute, and the construction given same in the cases cited, we think the Honorable Court of Civil Appeals announced an erroneous doctrine.

■ Again, it being obvious that foreclosure of the judgment lien is sought on the interest owned by Kimbrough in the land, appellant must accept the status of Kimbrough and can assert no other or greater right. The record discloses that Kimbrough was one of the incorporators of the East Texas Oil Corporation, participated in its organization, and conveyed to it his interest in the oil and mineral lease in consideration of shares of stock in the corporation. Dealing thus with the colorable corporation, Kimbrough estopped himself to deny either its status as a de facto corporation or its capacity to receive the conveyance and hold the property and for the same reason we think appellant, who claims under Kimbrough, is also estopped. See Bookhout v. McGeorge (Tex.Civ.App.) 65 S.W.(2d) 512, 515, with full citation of authorities (writ refused).

■ And then again, the doctrine is well settled that those who deal with a colorable corporation can neither challenge its right to act as such nor urge defects in its organization, as it is the peculiar province of the state, in a proper judicial proceeding, to urge all such objections. Article 6253, R.S., provides, among other things, that where "any association of persons shall act within this State as a corporation without being legally incorporated, or any corporation does or omits any act which amounts to a surrender or a forfeiture of its rights and privileges as such, or exercises power not conferred by law; * * * the Attorney General, or district or county attorney of the proper county or district, either of his own accord or at the instance of any individual relator, may present a petition to the district court of the proper county, or any judge thereof in vacation, for leave to file an information in the nature of a quo warranto in the name of the State of Texas. If such court or judge is satisfied that there is probable ground for the proceeding, he shall grant such leave and order the information to be filed and process to issue." Article 6257, R.S., provides that where any person or corporation against whom any such proceeding is filed shall be adjudged guilty as charged, the court shall render judgment of ouster against such persons or corporation, and may impose a fine for such usurpation. Thus, we see that it is the exclusive province of the state to control the legal entities created by it, as well as those presuming to act and exercise power as such. Any other rule would produce interminable confusion; in one case, it might be held that the colorable corporaton had a de facto existence, whereas in

another, under the same facts, the contrary might be held; one litigant would sue the association as a legal entity, whereas another would pursue the members individually, on the idea that a legal entity did not exist. So, we conclude that appellant is in no position to raise the question whether or not the inchoate corporation had a de facto status at the time Kimbrough conveyed the mineral lease. See International, etc., Co. v. Anderson County (Tex. Civ.App.) 150 S.W. 239, 250; Roaring Springs Townsite Co. v. Paducah Telephone Co. (Tex.Civ.App.) 164 S.W. 50, 54; Bowen v. Board of School Trustees (Tex. Civ.App.) 16 S.W.(2d) 424; State v. Robinson (Tex.Civ.App.) 42 S.W.(2d) 457 (writ refused).

For the reason stated, we are of opinion that the judgment of the trial court is correct, hence should be and hereby is affirmed.

Affirmed.