## GALVAN v. CITY OF BROWNSVILLE.

### No. 3990.

Court of Civil Appeals of Texas. El Paso.

Oct. 17, 1940.

Rehearing Denied Nov. 20, 1940.

H. B. Galbraith, of Brownsville, for appellant.

R. A. Dunkelberg, City Attorney, of Brownsville, for appellee.

PRICE, Chief Justice.

This is an appeal from the District Court of Cameron County from a judgment sustaining a plea of abatement urged by the appellee, City of Brownsville, against the action of Ramon Galvan, appellant.

On January 21, 1939, appellant filed in the court his original petition. He sought to recover damages from appellee on account of personal injuries alleged to have been proximately caused by the negligent acts of appellee, alleging that he was an employee of appellee in the street cleaning department as a helper on its automotive vehicles; that one Martinez, acting in the course of his employment as an employee of the City, negligently ran into him with a truck or automobile while appellant was in the course of his employment, working upon repairs to one of the motor vehicles of the City; that the truck was defective within the knowledge of defendant, and defendant was guilty of maintaining said truck in said defective condition, and such negligence was the proximate cause of the personal injuries to him. Substantial and permanent injuries are alleged.

Defendant, on April 18, 1939, answered said petition, and in due order of pleading pleaded in abatement as follows:

"1. Plaintiff is organized as a home rule city in accordance with the Constitution and laws of the State of Texas, and, as such home rule city, in its charter as amended August 12, 1931, it has provided in Article II, Section 8 of said charter, as follows:

" 'Section 8: Exemption from liability for damages: Said city shall have the power to provide for the exemption of said city from liability on account of any claim for damages to any person or property, or to fix such rules and regulations governing the city's liability, as may be deemed advisable.'

"2. Pursuant to such power, on the 20th day of July, 1938, the City Commission of the City of Brownsville, Texas, duly and legally passed and adopted Ordinance No. 280, of the City of Brownsville, which said ordinance is duly entered in the Minutes of said City Commission in Volume 22, at page 383-384, was duly published and was a valid ordinance in full force and effect on all the dates and at all times mentioned in plaintiff's original petition herein, which said ordinance, in words and figures, is as follows, to-wit:

" 'Ordinance No. 280.

" 'An Ordinance fixing rules and regulations governing the liability of the City of Brownsville, Texas, for damages to person or property and providing for thirty days notice or any claim therefor and for suit thereon to be brought within six months thereafter, and further providing that there shall be no liability on the part of the City on account of any damage or injury to person or property by reason of any defect in any public street, highway or grounds or any public work of said City unless said defect is called to the attention of the City Engineer or City Manager at least twenty-four hours prior to such injury, by written notice thereof.

968

"'Be it ordained by the City of Brownsville, Texas:

"'1. That the City of Brownsville shall not be held responsible on account of any claim for damages to any person or property, unless the person making such complaint or claiming such damage shall, within thirty days after the time at which it is claimed such damage was inflicted upon such person or property, file with the City Secretary of the City of Brownsville, Texas, a true statement under oath as to the nature and character of such damages or injuries, the extent of same, the place where same happened, the circumstances under which same happened, the conditions causing same, with a detailed statement of each item of such damages or injuries, a list of witnesses, if any are known to affiant, who witnessed such injury or the accident or happening causing the same, and unless further suit be brought and filed thereon within six months after the date such injury was suffered or damage occurred, whether to person or property.

"'2. That the City of Brownsville shall never be liable on account of any damage or injury to person or property arising from or occasioned by any defect in any public street, highway, alley, or ground or public work, building or project of said city, unless the specific defect causing said damage or injury to person or property shall have been actually known to the City Manager or City Engineer by personal inspection for a period of at least twenty-four hours prior to the occurrence of the injury or damage to person or property, unless the attention of the City Manager or City Engineer shall have been called thereto by notice thereof in writing at least twenty-four hours prior to the occurrence of said injury or damage to person or property, and proper diligence has not been used to rectify the defect after actually known by or attention thereof is called in writing to said City Manager or City Engineer of said city.

"'3. If any section, paragraph, subdivision, clause, phrase, sentence, word or words or provision of this ordinance shall be adjudged invalid or held to be unconstitutional by any court of competent jurisdiction, such judgment shall not impair, affect or invalidate the remainder of this ordinance or any other part or provision hereof, which shall remain in full force and effect thereafter.

"'4. This ordinance shall take effect immediately after its passage and publication in accordance with the provisions of the City Charter of the City of Brownsville, Texas.'

"3. That prior to the institution of this suit and within thirty days after the time it is claimed the damage alleged by plaintiff was inflicted upon the person of plaintiff, neither plaintiff or anyone for him, filed with the City Secretary of the City of Brownsville, Texas, a true statement under oath as to the nature and character of such damages or injuries complying with the provisions of Section 1 of said Ordinance No. 280.

"Wherefore, defendant prays judgment of this plea and that it be dismissed from this cause with its costs."

The said plea was duly verified by the City Secretary of appellee.

On April 22, 1939, appellant filed his first amended original petition, in which his allegations as to negligence, damage, etc., were amplified. Paragraph 6 of said petition was as follows: "That immediately upon the occurrence of said injury, defendant's employees, Wallace and Martinez, and others, took plaintiff to the City Hall to the City Health Nurse, and later to the City Health Officer, T. A. Kinder, and report was made of said injury to City Manager Runyon, who directed plaintiff to see the insurance agent, Sam Hughston, with whom said Runyon claimed the City carried compensation insurance, and the said Runyon, upon being advised by said agent and plaintiff that the City carried no compensation and upon being advised by plaintiff that the City Health Officer had ordered that he, plaintiff, could not do any heavy work, discharged plaintiff."

On the 24th day of April, 1939, before the court, hearing was had on the above quoted plea in abatement of the appellee. The judgment of the court sustained same, and appellant duly excepted to the action of the court. In the same order it appears that appellant requested leave to amend, and such leave was granted. There is no statement of facts or bill of exceptions embodying the evidence heard by the court on this plea. We take it that it is to be assumed that the ordinance plead was introduced in evidence on the hearing.

On April 25, 1939, appellant filed his second amended original petition. In this

petition appellant demurred generally to the allegations of appellee's plea in abatement, urging the unconstitutionality of the ordinance as violating both the State and Federal Constitution; its invalidity because of the unreasonableness of the time allowed by the ordinance for giving notice of the claim in compliance therewith; urging that the ordinance was not applicable to the nature of the cause pleaded by plaintiff; allegations as to negligence and damages were substantially the same as set forth in the original and first amended petitions.

Paragraphs 10, 11, 12 and 13, of said second amended petition are as follows:

"X. That immediately upon the occurrence of the accident, plaintiff, as hereinbefore alleged, was taken to the City Health Nurse, and by her sent to the City Health Officer, T. A. Kinder, Jr., and he could not within said thirty days period give a sworn statement in writing of the nature and character of his injuries or damages, or the extent of same, because he was never apprised by said Kinder of the nature and extent of same, and still knows only that the injuries suffered by him in said accident have affected, as hereinbefore alleged, his physical condition until he has been rendered unfit to perform manual labor.

"XI. That after he had been treated by said Kinder, from the 23rd day of September to the 14th day of November, he reported to said City Manager Runyon whose secretary and subordinate Cromack is, both occupying desk space in the same room within a few feet of each other, and on all or nearly all of the conversations herein alleged, said Cromack was present within sound and hearing of the said Runyon; and Runyon, at that time laboring under the erroneous impression that the defendant did carry compensation insurance for its employees, assured plaintiff that he would be taken care of by the city's insurance carrier, the local agent for whom is Sam Hughston, in said city, and plaintiff, thereupon, at the express direction of said Runyon, reported his injuries to said Hughston, who at first assured him he was fully covered by compensation insurance, but who later, after he had checked through the insurance policies written for the defendant city, informed plaintiff that the city was not so covered; plaintiff thereupon returned to Runyon and informed him of Hughston's decision; then for the first time said Runyon and Cromack examined said policies and after the examination said Cromack informed his superior, Runyon, that Hughston was correct—the City had no compensation insurance, but only public liability, and upon plaintiff's presenting to said Runyon a note from Dr. Kinder asking that he be given light work, said Runyon informed him that he had no such work, and that the only work he had was that formerly done by plaintiff, who he now alleges, was then and is now unable to perform heavy labor, and in consequence was let out by the city.

"XII. That by their actions as above alleged Runyon and Cromack waived for the defendant city, as they had a right to do, the provisions regarding notice as plead by defendant in pleading said ordinance in abatement and in bar, and furthermore defendant is now estopped, after having immediate eye-witness proof of the injury, medical determination of its extent and character, having trolled plaintiff along for a period of sixty days in the belief that no notice in writing was required, having further informed him through the mouths of the custodians of its insurance policies that he was covered by compensation insurance, and having him further trolled for an additional thirty days while the insurance agent and the city's responsible employees and officers determined for themselves whether or not plaintiff was covered by insurance, to plead the requirements of said ordinance requiring statement under oath of the numerous matters therein set forth.

"XIII. That plaintiff is a laboror; speaks, reads and writes English very little and that with difficulty, and he accepted the statements of Runyon and Cromack at face value, as well as those of the City Health Officer, Dr. Kinder, and believed for a period of about ninety days after the injury, and was reasonable in so believing, that nothing further need be done but to report promptly to the city nurse, place himself under the care of the city physician, report back to the city manager; thence go to the city's insurance carrier's agent and then return to report to Runyon and Cromack as before alleged."

On April 28, 1939, appellee filed motion to strike the second amended original petition, and that the case be dismissed at plaintiff's cost. The motion set up the prior proceedings in the case and the sus-

taining of the plea in abatement. In this motion was likewise pleaded, by way of abatement, the ordinance plead by appellee in its original answer. This motion was heard on the 3rd day of October, 1939, and the motion of appellee to strike the petition, and appellant declining to amend, it was ordered by the court that appellant's cause be dismissed, and appellee recover its cost. To this order appellant excepted and gave notice of appeal and duly perfected this appeal.

Appellee has objected to our consideration of certain of the assignments urged by appellant on grounds of multifariousness, etc.

The gravamen of appellant's complaint as to the action of the trial court clearly appears from his brief filed in the cause. The questions are fundamental in character and merit consideration. Rather than to take up the assignments of appellant in detail we shall endeavor to state the substance thereof.

Appellant contends that the ordinance plead by appellee was unconstitutional, hence void and of no force and effect; that if not void on account of being unconstitutional, it provides an unreasonably short space of time within which the notice of claim as provided by the ordinance be given; third, that appellee waived the giving of notice, or is estopped, by the conduct of its officers and agent, from asserting that same was not given.

In the case of City of Waco v. Thralls, 128 S.W.2d 462, there was before the Waco Court of Civil Appeals a case in many respects similar to the instant case. A section of the city charter of Waco was almost an exact duplicate of the ordinance here in question and was considered by the court. It was held that the provision as to filing suit within six months was in direct conflict with provision 6 of Article 5526, Revised Statutes, and was therefore void. Our State Constitution, Article 11, Sect. 5, Vernon's Annotated Statutes, authorizing cities to adopt Home Rule Charters, provides that such cities may "adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature, and providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State." Article

1165, R.S., was also cited in the opinion as having bearing on the matter.

In our opinion, under the law the six-months period is clearly void.

In the course of the opinion in the above referred to cause it was stated: "The provision in the city charter requiring that notice of claim for damages be filed with the city within thirty days is apparently valid. Cawthorn v. City of Houston, Tex. Com.App., 231 S.W. 701; City of Waco v. Watkins, Tex.Civ.App., 292 S.W. 583; City of Beaumont v. Baker, Tex.Civ.App., 95 S.W.2d 1365; 30 Tex.Jur. 555." (The above quoted provision is to be found on page 464, 128 S.W.2d.)

It was further held in this case as follows: "The provision requiring the filing of notice of claim for damages may be waived by the duly authorized city officials, provided the waiver occurs before the expiration of the period for filing same."

Cawthorn v. City of Houston, Tex.Com. App., 231 S.W. 701, and 30 Tex.Jur. 558, are cited as sustaining, and do sustain, the proposition asserted.

It is to be noted that City of Waco v. Thralls, supra, was reversed and remanded and not rendered.

But in our opinion the matter urged by appellee was in bar and not properly plead in abatement. The fundamental distinction, to our mind, is that a plea in bar goes to the cause of action, while a plea in abatement goes only to the action. A successful establishing of a plea in bar extinguishes and puts an end forever to plaintiff's cause of action. Not so as to the establishing of a plea in abatement. The effect of this is a judgment either postponing or dismissing the action. The cause of action is unaffected thereby. Such cause of action may be reasserted.

To illustrate, a single woman executes and delivers a promissory note, then marries, and is thereafter sued thereon without the joinder of her husband. The nonjoinder of her husband is ground for abatement of her suit, but the cause of action against her is unaffected by the judgment sustaining the plea in abatement. On the other hand, this same woman, after marriage, executes a note, the plea as to her coverture would be a plea in bar.

A plea which extinguishes a cause of action asserted should be plead in bar and not in abatement. Connor v. Hawkins,

64 Tex. 544; Hamilton v. Cushman Mfg. Co., 15 Tex.Civ.App. 338, 39 S.W. 641; Taliaferro v. Warren, Tex.Civ.App., 30 S.W.2d 393; Pucek v. Koppa, Tex.Civ. App., 32 S.W.2d 248; Carmichael v. Page, Tex.Civ.App., 32 S.W.2d 674.

If plaintiff did not file the notice in the time required by the ordinance, and same is valid, and if appellee has not waived such filing, or has not estopped itself, appellant's cause of action may be forever extinguished on trial. It requires a trial to put an end to a cause of action.

What effect did the judgment entered have upon appellant's rights? Clearly he was entitled to a trial on the merits. By the judgment entered he is denied this right. If he had elected to plead in avoidance of appellee's plea in bar if the exceptions were sustained to his plea, he might amend to meet them. It is true he did amend to try to meet appellee's so-called plea in abatement, but a judgment was entered equivalent to the sustaining of a general demurrer. No general demurrer was urged or passed upon as to appellant's petition or amended petition. Appellant may or may not have a cause of action, a trial is an appropriate proceeding to determine this. He may or may not state a cause of action, but this is properly determined only on a trial.

The case is reversed and remanded.