## J. T. SPANN v. GLASS'S EXECUTOR.

1. When the plaintiff sues as executor, his character as such can be put in issue only by a plea in abatement. A general denial of the plaintiff's petition, nor an unsworn allegation that he is not executor, will not raise the issue.

2. In a suit on a note the defendant pleaded part payment, and as evidence introduced a receipt for $1000, dated in 1863, and purporting to have been given by an agent of the plaintiff. The court permitted the plaintiff to prove that the party who gave the receipt was not his agent, and that the money referred to was Confederate money, which he refused to accept when sent by the defendant. The defendant asked the court to charge the jury that, inasmuch as the plaintiff had not under oath denied the agency or the genuineness of the receipt, and had not pleaded that the money was Confederate money, therefore the jury could not question the agency alleged, nor consider what kind of money was paid the agent. *Held*, that the court below correctly refused these instructions, and did not err in charging the converse of them.

3. A witness is presumed competent to testify, until the contrary is shown by the objector. Even while interest disqualified witnesses in this State, it was not sufficient to show that the witness was an heir or legatee of the estate whose interests were involved in the suit;—it was further necessary to show that the estate was solvent.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

The opinion states the material facts. In the second head-note will be found the gist of the charges given and refused, and to which allusion is made by this court.

*J. D. & D. C. Giddings*, for the appellant.

*Jarmon & Cross*, for the appellee.

WALKER, J.—This was an action on a promissory note, given in consideration for lands sold by James Glass in his lifetime to the appellant.

The defendant below answered the petition by a general denial, and claims in his brief that he denied specially the official character of the plaintiff. He also claims a payment on the note of one thousand dollars; and also at the same time pleads payment in full of the note, and alleges that James Glass did not have a good title to all the land which he had sold, and claims fifteen hundred dollars in reconvention of damages.

By an amended plea, he sets up that there is a conflict of title with one J. W. Chandler, but he does not allege that he has been ousted. We do not find any special plea in abatement denying the executorship of the plaintiff, but we do find an admission in the amended answer, filed October 28, 1871. A mere general denial of the plaintiff's official capacity is not sufficient, and does not put in issue the fact whether the executor is the executor of James Glass's will or not. (See Cheatham v. Riddle, 12 Texas, 112, and Clifton v. Lilley, Id., 134.)

The questions raised on the bills of exceptions have been settled by this court and the courts of the country generally, and the rule has become so familiar that we will not encumber this opinion by a citation of authorities. The charge of the court, as given, states the law correctly, and the charge as refused proposes to state it incorrectly.

It may be that John H. Glass was an incompetent witness, but it is not made so to appear upon this record. The case of Johnson v. Alexander, 14 Texas, 382, is referred to as authority upon which the testimony of the witness should have been excluded. But a very material fact was made to appear in support of the mo-

tion to exclude the evidence in that case, to-wit, the estate in which the witness was interested was shown to be solvent. Two facts were necessary to be shown in this case before the testimony of the witness Glass could have been properly excluded, to-wit: that he was an heir, legatee or devisee of the estate, and that it was solvent; and these facts should have appeared to the satisfaction of the court before the motion to exclude the evidence could have been sustained. And as it was not shown that the estate was solvent, the testimony was properly admitted.

In the case of Johnson v. Alexander it is shown by the statement that this doctrine was recognized; but had the evidence been improperly admitted it would avail the appellant nothing to reverse the judgment on this account, for the evidence is now made competent by an express statute. This court has decided in Rogers v. Crane, 30 Texas, 284, that every witness is presumed to be competent until the contrary be shown, and the burthen of proving incompetence is upon the objector. The appellee claims an affirmance with damages. The errors assigned are somewhat less than frivolous, and we will not award damages, but affirm the judgment of the district court.

AFFIRMED.