**W. E. MARTIN et al., Appellants,**

v.

**Virginia JOHNSON, Appellee.**

No. 3761.

Court of Civil Appeals of Texas.

Eastland.

Feb. 8, 1963.

Rehearing Denied March 8, 1963.

**430**

Thomas M. Reid, Yates & Yates, Abilene, for appellants.

Smith & Erwin, Scarborough, Black & Tarpley, Abilene, for appellee.

WALTER, Justice.

The Chief of Police of Abilene, Texas, filed an interpleader suit against W. E. Martin, Ronnie Reid and Frank R. O'Donnell to determine the ownership of $4,720.00 in currency. Mrs. Virginia Johnson intervened and alleged that it was found on her property and that she was entitled to possession of the money until the true owner was found. The City of Abilene intervened and alleged judgment liens against Martin.

The jury answered that neither W. E. Martin nor his wife were the owners of the money; that Frank O'Donnell did not find the money in a doghouse on Martin's property; that Ronnie Reid found the money on Mrs. Johnson's property and that it was mislaid property. Judgment was rendered for Mrs. Johnson for possession of the money as bailee and trustee of the true owner.

Martin and his wife have appealed. They present no evidence and great weight and preponderance of the evidence points, as well as points relating to the court's refusal to permit them to introduce certain testimony.

Mrs. Johnson had taken an old rug out of a duplex which she owned and placed it in the garage. Ronnie Reid discovered the money on or about August 1, 1961, while attempting to move the rug. He and his playmates took the money to his sister. The money was delivered to the police and they were unable to locate the owner.

O'Donnell testified that in the winter of 1961, he was living on Popular Street in Mrs. Johnson's duplex. On or about that date he "cut through" Mrs. Martin's lot and found the money in a fruit jar in a little doghouse on Martin's property. He put the money in a cigar box and put it in a wooden trunk in the attic of his garage; he left it there a couple of months and then put it under the rug in the attic of the garage.

Mrs. Martin testified that she permanently resided in Abilene but was temporarily

living in Houston. She left about $5,000.00 in paper money in their Abilene home when they moved to Houston in 1956. This was money that her husband had given her over a period of twenty or twenty-five years. She left the money "in the breakfast nook up high on top of furniture and boxes that were piled up in the breakfast nook." She looked for the money in 1957 but could not find it. She would not be able to recognize any of the money.

Mr. Martin testified that he had given his wife money periodically and very often over a period of forty years. He testified that every cent of the money involved in this law suit was given to his wife by him; that Mrs. Martin kept her money in their house. He and his wife came back to Abilene in '57 and looked for the money. They made a diligent search for the money for about a week. They couldn't find it and reported the loss to the District Attorney. In August, 1961, the District Attorney telephoned him in Houston about the money involved in this law suit being found.

Mrs. Johnson testified that the property where the money was found by Reid belonged to her.

■ We have considered all of the evidence and find that the jury's answers were not against the great weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

■ The appellants' point that there was no evidence to support the jury's finding that the money was mislaid property is without merit. The court submitted correct definitions of the terms "lost property" and "mislaid property." Schley v. Couch, 155 Tex. 195, 284 S.W.2d 333 (Sup.Ct.). In Muro v. Houston Fire & Casualty Insurance Company, Tex.Civ.App., 329 S.W.2d 326, at page 331 (Writ Ref. N.R.E.), the Court said: "What may jurors do with conflicting evidence before them? They may disbelieve a witness though he is neither impeached nor contradicted. Cheatham v. Riddle, 12 Tex. 112. They may believe one witness and disbelieve others. Ford v. Panhandle & Santa Fe Ry. Co., 151 Tex. 538, 252 S.W.2d 561. They may resolve conflicts and inconsistencies in the testimony of any one witness as well as the testimony of different witnesses. Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792. They are not required to depend upon the evidence from a single source. Texas & N. O. Ry. Co. v. New, Tex.Civ.App., 95 S.W.2d 170, 174." The jury was justified in concluding that the money was mislaid property. In Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (Sup.Ct.), the court said: "'[I]t was the jury's province to weigh all of the evidence, to decide what credence should be given to the whole or to any part of the testimony of each witness. "The jury were the judges not only of the facts proved, but of the inferences to be drawn therefrom, provided such inferences were not unreasonable."'"

Appellants contend the court erred in refusing to permit their daughter to testify (1) that she knew of her own knowledge that Mrs. Martin had kept large sums of money in cash in her home ever since she was a small child; (2) that she had seen her mother take money out of and put money back into a fruit jar of the type in which O'Donnell said he found the money, and of a type in which Mrs. Martin said she kept the money on the premises and (3) that at various times she had seen her mother in possession of large quantities of cash. This testimony was objected to because it was irrelevant, indefinite, hearsay and a conclusion of the witness.

■ "As a general rule, any evidence is relevant and material if it tends to prove, or disprove, any material fact involved in the issue or the question being tried." Lone Star Gas Company v. State, 137 Tex. 279, 153 S.W.2d 681 (Sup.Ct.).

■ "Evidence of a statement made out of court when such evidence is offered for the purpose of proving the truth of such previous statement, is inadmissible as hear-

say." Texas Law of Evidence, McCormick & Ray page 559.

In Dallas Railway & Terminal Company v. Gossett, 156 Tex. 252, 294 S.W.2d 377 (Sup.Ct.), the court said, "[I]t is well settled that the naked and unsupported opinion or conclusion of a witness does not constitute evidence of probative force and will not support a jury finding even when admitted without objection."

■ We have concluded that the testimony offered by the appellants was not subject to the objections made.

The appellee says that, even if the trial court erred in not admitting the testimony, the error was harmless.

The city introduced three judgments against Martin. Photographs of Martin's premises were introduced which tended to show a rundown condition of the property. Appellants contend that this evidence was calculated to show a condition of poverty and thereby cast a doubt in the minds of the jurors as to whether Martin and his wife had any such sum of money. They say the exclusion of their daughter's testimony was harmful because her testimony would rebut the jury's impression of poverty.

The Martins introduced evidence that their property had been broken into on numerous occasions and that the windows had been broken out and the doors damaged. The daughter's testimony would have corroborated to some extent their testimony concerning the money. When we consider appellee's contention that the rejection of such testimony was harmless error, we must consider such contention in the light of the facts as reflected by the entire record. We have concluded that appellants have not shown that the rejection of such testimony was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure.

The judgment is affirmed.