**MOBIL OIL CORPORATION, Appellant,**

v.

**Roger SMITH, Appellee.**

**No. 5132.**

Court of Civil Appeals of Texas, Waco.

May 18, 1972.

gasoline pump hose and fell to the ground at a service station located in Burnet County; that Mobil, a foreign corporation, and Coker, operated the station at the time of his injury; and that his fall was proximately caused by the negligence of Mobil and Coker and their employees.

The defendants filed pleas of privilege, seeking to have the case transferred to the counties of their respective residences: Dallas County for Mobil, and Burnet County for Coker. The pleas were duly controverted by plaintiff.

At the hearing on the pleas, which was held before the court without a jury on January 14, 1972, plaintiff was granted a non-suit as to Coker. After the hearing, Mobil's plea of privilege was overruled.

Plaintiff relied upon the following provisions of Subdivision 27, of Article 1995, Vernon's Texas Civil Statutes, to maintain the suit against Mobil in McLennan County: "Foreign corporations, * * * doing business within this State, may be sued * * * in any county where such company may have an agency or representative * * *."

Mobil assigns error to the trial court's ruling, complaining that there is no evidence to support the implied findings that it is a foreign corporation or that it had an agent or representative in McLennan County at the time of the filing of suit or at the time of the hearing on the pleas.

Maurice Amidei, Dallas, for appellant.

W. V. Dunnam, Jr., Waco, for appellee.

HALL, Justice.

This is a venue case. The plaintiff-appellee, Roger Smith, filed this action in McLennan County, the county of his residence, on October 19, 1971, against Dale Coker and the appellant, Mobil Oil Corporation, for personal injury damages. Plaintiff alleged that on December 28, 1969, he was injured when he tripped on a

Artie Giotes testified that he is vice-president and senior trust officer of the First National Bank of Waco Texas; that, in that capacity he makes investments for beneficiaries under trusts and purchases stock for various trusteeships; that, as trust officer, it has been his duty and he has had occasion during the past eight years to study and analyze "major corporations in this country and their positions with regard to locations, places of incorporation, and field of operation"; that throughout that period of time he has received, in the capacity of trustee of vari-

**400**

ous trusts, "the direct literature of some corporations in this country to stockholders," including Mobil Oil Corporation; that from his "expert studies of those companies and from the literature actually received direct from the Mobil Oil Corporation home office," he knows that Mobil was, on December 20, 1969, and that it has been continuously since then, incorporated in the State of New York.

Mobil asserts that the testimony of the witness Giotes is hearsay and therefore of no probative value. We disagree. His testimony shows that his knowledge that Mobil is a foreign corporation is based in part upon direct personal dealings with the company. Such first-hand knowledge is not hearsay. 1 McCormick & Ray, Texas Law of Evidence (2d ed.), p. 578, Sec. 793.

Subdivision 27, of article 1995, refers to a situation in which the business of the defendant is, in more or less regular and permanent form, actually conducted in the county of suit, or one in which a party possessing broad powers from the defendant resides in the county, the one instance being that of "agency" and the other of "representative." Milligan v. Southern Express, 151 Tex. 315, 250 S.W.2d 194, 198 (1952); Pan American Petroleum Corporation v. Vines (Tex.Civ.App.—Waco 1967, writ dism.) 422 S.W.2d 764, 765.

Orville Hoffman testified that he is terminal foreman in McLennan County for Mobil; that, at the time of the hearing, he had "been there six months"; that the function of the terminal is to supply and deliver Mobil petroleum products in McLennan County and the surrounding counties; that a group of eleven employees, composed of a terminal superintendent, a terminal foreman, a commission agent, a cashier, warehousemen, and transport drivers, serves the terminal; that a commission agent "is responsible for all the products and makes sales out of the bulk plant. * * * He solicits business (for Mobil) *and sells products in response to business* he solicits."

We conclude that the evidence is legally sufficient to support the questioned findings.

Mobil's points and contentions are overruled. The judgment is affirmed.