McArthur WILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 59221.

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 17, 1980.

---

Before ONION, P. J., and PHILLIPS and CLINTON, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for forgery. Punishment, enhanced by a prior felony conviction, is punishment for 20 years.

Appellant challenges the sufficiency of the evidence to sustain the conviction. He also alleges that the indictment is fundamentally defective, the trial court admitted improper hearsay testimony, and the prosecutor engaged in improper jury argument.

Appellant entered Kelly's Package Store in Dallas and asked D. D. Patteson, the store owner, to cash a paycheck in the amount of $335.89 drawn on the account of Town and Country Toyota, Inc. The check was made out to Charles Caldwell, and was signed "C. H. Cullum." Patteson asked for identification, and appellant replied that he had lost his driver's license. Patteson told his wife to call Town and Country Toyota to find out if the check had been properly issued. Mrs. Patteson was informed that the check was stolen. She called the police; they arrived and arrested appellant.

Dallas police officer J. W. McClendon found a driver's license on the front seat of appellant's car, which was parked outside the store. According to McClendon the license had appellant's picture and the name "McArthur Wilson" on it. Appellant subsequently told McClendon that his name was McArthur Wilson.

Wanda Stanley, the business manager of Town and Country Toyota, testified that only she and Hugh McGee, Jr., the president of the company, had authority to sign checks drawn on the company account. No Charles Caldwell, C. H. Cullum, or McArthur Wilson ever had been employed at Town and Country Toyota. Stanley testified that the signature "C. H. Cullum" on the check was unauthorized. Stanley discovered that the check was missing two days prior to the commission of the offense.

The indictment alleged that appellant:

Edgar A. Mason, Dallas, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds, Gerry H. Holden and Clifford Wayne Huff, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

. . . knowingly and intentionally with intent to defraud and harm another, possess[ed] with intent to pass to D. D. Patteson, a writing which then and there purported to be but was not the authorized act of C. H. Cullum, said writing being of the tenor following: [a photostatic copy of the check then being attached to the indictment] said defendant knowing the same to have been forged, . . .

Appellant urges that the evidence is insufficient to show that he knew the check was forged, as required to show the alleged intent to defraud and harm. See *Jones v. State*, 545 S.W.2d 771 (Tex.Cr.App.1977, Opinion on State's Motion for Rehearing). Appellant relies chiefly on *Stuebgen v. State*, 547 S.W.2d 29 (Tex.Cr.App.1977) and *Pfleging v. State*, 572 S.W.2d 517 (Tex.Cr. App.1978). Those cases are distinguishable, however. In *Stuebgen* and *Pfleging* the defendants cashed and attempted to cash, respectively, checks made out to them. The makers' signatures on the checks were forged. We held in each case that although the state proved that the check was forged, there was no evidence to indicate that the defendant knew the check was forged. We expressly noted in *Stuebgen* that the defendant did not not falsely represent himself.

The circumstances in this case, however, are sufficient to show appellant's knowledge that the check was forged. By attempting to cash the paycheck made out to Charles Caldwell, appellant falsely held himself out as Caldwell.[1] It is apparent that the signatures of both the payee and the maker of the check were forged, because no one under the name Charles Caldwell or C. H. Cullum ever had worked for Town and Country Toyota. When asked for identification appellant falsely stated that he had lost his driver's license. These circumstances show a fraudulent intent on appellant's part. Taken as a whole, the evidence indicates that appellant had guilty knowledge of the forged maker's signature.

■ In *Baker v. State*, 552 S.W.2d 818 (Tex.Cr.App.1977), we held on facts func-

tionally identical to those of the present case that the defendant's action in attempting to prevent someone from taking the license plate number of his car showed guilty knowledge. Combined with the other circumstances of the case, the defendant's action rendered the evidence sufficient to sustain the conviction. See also *Lloyd v. State*, 574 S.W.2d 159 (Tex.Cr.App. 1978). Proof of intent generally is circumstantial. *Alonzo v. State*, 591 S.W.2d 842 (Tex.Cr.App.1979); *Dillon v. State*, 574 S.W.2d 92 (Tex.Cr.App.1978). We hold that the evidence in this case is sufficient to show that appellant knew the check was forged, and to show his intent to defraud and harm. The evidence is sufficient to sustain the conviction.

■ Appellant urges that the indictment fails to allege an offense. The indictment, set forth above, alleges all the elements of an offense under V.T.C.A. Penal Code, § 32.21(a)(1)(C) and (b). It is not fundamentally defective. See *Ross v. State*, 594 S.W.2d 100 (Tex.Cr.App.1980); *Roach v. State*, 586 S.W.2d 866 (Tex.Cr.App.1979).

■ Appellant contends that McClendon's testimony regarding appellant's name and picture on the driver's license that McClendon found in appellant's car was inadmissible hearsay. We disagree. A witness may assert the existence of a fact if his knowledge of that fact was gained through personal observation and reasonable inferences from that observation. 1A Ray, Texas Evidence § 793, p. 30 (3d ed. 1980); 2 Wigmore, Evidence, §§ 657–659 (Chadbourn rev. 1978). If the fact asserted is within the witness's personal knowledge, no hearsay problem arises. See Wigmore, supra, § 1361.

In the present case McClendon's testimony that he saw a driver's license on the front seat of appellant's car was based on his personal observation of the license on the seat, and his inference from its appearance that it was a driver's license. Similarly, McClendon's testimony that the license

---

1. The check had not been endorsed in the name of Charles Caldwell.

had appellant's name and picture on it was based on his personal observation of the words "McArthur Wilson" and the photograph on the face of the license, combined with his observation of appellant's face and appellant's subsequent admission to him that he was McArthur Wilson. McClendon could rationally infer from these observations that appellant was the person depicted in the photograph and named on the face of the license. See 2 Wigmore, supra, § 660.

 McClendon's testimony was based entirely on his personal observations and inferences therefrom. The inferences he made in reaching the conclusion that the license was appellant's were entirely reasonable. They are the sort of inferences that people constantly make in their everyday activities. McClendon was subject to cross-examination concerning the reliability of his observations and inferences. Finally, McClendon's testimony was offered only to prove that the license was appellant's, and that appellant lied when he told Patteson that he had lost his license. The testimony was not offered to prove the truth of any matter asserted by the license. McClendon's testimony was not hearsay. Compare *Mobil Oil Corp. v. Smith,* 482 S.W.2d 398 (Tex.Civ.App.1972, no writ); *Strickland Transportation Co. v. Ingram,* 403 S.W.2d 192 (Tex.Civ.App.1966, writ dism'd); *Martin v. Johnson,* 365 S.W.2d 429 (Tex.Civ.App. 1963, no writ). This ground is overruled.

Finally, appellant complains of the following argument made by the prosecutor at the punishment phase of the trial:

Now, I submit to you that this man, McArthur Wilson, is simply a man bent on crime. The best you can do is keep him off the streets of our county for as long as we can. Now, maybe you said to yourself, or others, why don't they do something. Well, the Dallas Police Department has done all they can do. Ms. Stanley and Mr. Patteson have done all they can do. Mr. Huff and I have done all we can do. The buck stops here. You are the, "they," you are the only ones that can sentence this man, and the only ones that can say by your verdict "We'll

not tolerate this activity. We will not put up with people going to the penitentiary for all these robberies, and getting right out and committing another crime."

Appellant objected that the argument was an "improper comment on the defendant's time served." The court sustained the objection and instructed the jury to disregard the comment. Appellant's motion for mistrial was denied.

 Taken in context, it appears that the comment constituted part of a plea for law enforcement. See *Rodriguez v. State,* 552 S.W.2d 451 (Tex.Cr.App.1977); *Hicks v. State,* 545 S.W.2d 805 (Tex.Cr.App.1977). In any event, the remark was not so prejudicial that the court's instruction could not cure the error. *Cooper v. State,* 578 S.W.2d 401 (Tex.Cr.App.1979).

The judgment is affirmed.